UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEKAH DUBOIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY BOSKOVICH, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-03224-SK<br><br>**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION FOR DISMISSAL**<br><br>Regarding Docket No. 8 |

*Pro se* Plaintiff Bekah Dubois ("Plaintiff") filed a complaint and motion for leave to proceed *in forma pauperis* on April 30, 2021. (Dkts. 1, 2.) On May 7, 2021, the Court issued an Order granting the motion to proceed *in forma pauperis* but placing a hold on service of the complaint because the complaint failed to state a claim for relief pursuant to 28 U.S.C. § 1915(e). (Dkt. 5.) The Court explained the deficiencies in the complaint and gave Plaintiff until June 21, 2021, to file an amended complaint. (*Id.*) Plaintiff filed a first amended complaint ("FAC") on June 22, 2021, one day after the deadline. (Dkt. 8.) The Court overlooked this failure to comply with the deadline and considered the substance of the FAC. Having reviewed the FAC, the Court finds that it fails to state a claim for relief pursuant to 28 U.S.C. § 1915(e) because it still does not establish a basis for federal jurisdiction. Accordingly, the Court ORDERS that this matter be REASSIGNED to a District Judge and RECOMMENDS that it be dismissed with prejudice, for the reasons set forth below.

**A.　　Background.**

Plaintiff's FAC restates many of her original allegations against Anthony Boskovich ("Boskovich") and Gary Bertis Stratton ("Stratton) (collectively "Defendants"). (Dkt. 8.) Plaintiff alleges that Boskovich is a resident of Massachusetts who is licensed to practice and practices law in San Jose, California, and Santa Clara, California. (*Id.*) Plaintiff alleges that Stratton resides in

1  Nevada and collects rents from his residential real estate business in Clark County, Nevada, and
2  Phoenix, Arizona. (*Id.*) Plaintiff alleges that Defendants misrepresented Stratton's income in
3  proceedings before the Santa Clara County Family Court. (*Id.*) Based on these actions, Plaintiff
4  alleges fraud and negligent misrepresentation against Defendants. (*Id.*) Plaintiff further alleges
5  that Defendants committed negligent misrepresentation related to the family court action and an
6  associated malicious prosecution action. (*Id.*) These actions were in furtherance of a conspiracy
7  to deprive Plaintiff of spousal support, Plaintiff claims. (*Id.*) Plaintiff alleges that she was harmed
8  in the amounts of $259,209.11 and $800,000.00 by these actions. (*Id.*) Plaintiff makes no specific
9  allegations related to these figures, neither describing how the numbers are derived nor connecting
10 them to any particular conduct by Defendants that would lead to such losses. (*Id.*) Plaintiff states
11 that jurisdiction is proper pursuant to 28 U.S.C. § 1332. (*Id.*)

**B.     Jurisdiction.**

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Generally, original federal jurisdiction is premised on federal question jurisdiction or diversity jurisdiction. Here, Plaintiff does not sufficiently assert a violation of federal law or diversity jurisdiction.

The Court lacks diversity jurisdiction over this action. Diversity jurisdiction exists where the two parties to the lawsuit are residents of different states and the amount in controversy is over $75,000. 28 U.S.C. § 1332. "When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between opposing parties." *Equity Growth Asset v. Holden*, No. C 19-01505 JSW, 2019 WL 2180202, at *2 (N.D. Cal. Apr. 16, 2019) (citing *Iowen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). This means that no defendant may be a resident of the same state as any plaintiff for diversity to exist. A corporate defendant is deemed to reside in its state of incorporation or the state where its principal place of business is located. *Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1337 (C.D. Cal. 2004). Here, Plaintiff and Defendants reside in different states. However, Plaintiff's FAC still does not allege facts supporting a specific amount in damages totaling $75,000 or more. Plaintiff asserts that she is

entitled to money damages in the amounts of $259,209.11 and $800,000.00 in a conclusory fashion, without providing plausible factual support for those amounts or connecting those amounts to specific allegations in her complaint. Diversity jurisdiction therefore does not lie over this action.

Similarly, Plaintiff still has not established a federal question that would provide a basis for jurisdiction here. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). Under the well-pleaded complaint rule, federal question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27-28 (1983). Here, federal question jurisdiction does not exist because Plaintiff's FAC does not adequately state a federal claim. Plaintiff refers only to state law causes of action in her FAC. (Dkt. 8.) Construing the complaint as liberally as possible, the Court finds that Plaintiff has not sufficiently stated a federal claim.

**C.     Conclusion.**

The FAC has not stated a claim for relief pursuant to 28 U.S.C. § 1915(e). Accordingly, the Court RECOMMENDS that this action be dismissed with prejudice. Any party may serve and file specific written objections to this recommendation within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.

**IT IS SO ORDERED**.

Dated: July 22, 2021

_____
SALLIE KIM
United States Magistrate Judge

3