UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEKAH DU BOIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANTHONY BOSKOVICH, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-03224-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 62 |

Pending before the Court is Defendant Anthony Boskovich's motion for attorneys' fees. Dkt. No. 62. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

In February 2023, the Court granted Defendant's motion to strike under California's anti-SLAPP statute. Dkt. No. 60 at 2–8. As the prevailing party, Defendant now moves for attorneys' fees under Cal. Civ. Proc. Code § 425.16(c)(1). In her opposition brief, Plaintiff Bekah DuBois indicates that she lacks the ability to pay any amount of attorneys' fees. *See* Dkt. No. 65 at 2. But the award of attorneys' fees to a prevailing defendant in an anti-SLAPP motion is mandatory. Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (Cal. 2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."). Plaintiff does not cite—and the Court is unaware of—any authority giving the Court discretion to consider her ability to pay in awarding fees under the anti-SLAPP statute. *Cf. Khai v. Cnty. of Los Angeles*, 730 F. App'x 408, 411, & n.2 (9th Cir. 2018) ("[The plaintiff] did not ask the court to consider his ability to pay, nor is it clear that the court would be permitted to do so where, as here, the grant of fees was mandatory.").

1   Rather, the Court considers whether the requested fees are reasonable. Courts typically
2   employ the "lodestar method" to calculate an appropriate award of attorneys' fees. *See Ketchum*,
3   24 Cal. 4th at 1131–32. The lodestar figure is calculated by multiplying the number of hours the
4   prevailing party reasonably expended by a reasonable hourly rate. *Id.* at 1133. This figure can be
5   adjusted based on factors such as "the novelty and difficulty of the questions involved" and "the
6   skill displayed in presenting them." *Id.* at 1132. The lodestar should only include fees incurred in
7   connection with the anti-SLAPP motion itself, and not for the entire action. *See Wanland v. L.*
8   *Offs. of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 21 (Cal. Ct. App. 2006); *see also*
9   *Ketchum*, 24 Cal. 4th at 1141 ("[A]n award of fees may include not only the fees incurred with
10  respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees
11  under Code of Civil Procedure section 425.16.").
12  In this case, Defendant was represented by law firm Rankin, Shuey, Ranucci, Mintz,
13  Lampasona & Reynolds. As relevant to the request for fees, attorney Damon Thurston spent 28
14  hours researching and drafting the anti-SLAPP motion; 3.8 hours preparing the motion for
15  attorneys' fees; and anticipated spending approximately 2.5 additional hours reviewing and
16  responding to the opposition, for a total of 34.3 hours. *See* Dkt. No. 62-1 ("Thurston Decl.") at
17  ¶¶ 3–4. Rather than provide the actual billing records for this case, Mr. Thurston provided in his
18  declaration a summary table of the time he spent on various tasks related to the anti-SLAPP
19  motion in this case. *See id.* He also cites the *Laffey* Matrix, a table of attorney fee hourly rates
20  used in the District of Columbia. *Id.* at ¶¶ 6–8. When adjusted for the San Francisco Bay Area,
21  Mr. Thurston contends that the matrix results in an hourly rate of over $990 for an attorney of his
22  experience level. *See id.* Nevertheless, Mr. Thurston concludes that a reasonable hourly rate for
23  his time in this case based on his twenty-five years of experience is $450 an hour. *See id.* Thus,
24  in his motion for attorneys' fees Defendant requests an award of $15,435 in fees.[1]
25  Plaintiff responds that Defendant did not actually have to pay any fees associated with this
26  case because they were covered by his malpractice insurance. *See* Dkt. No. 65 at 2–3. Plaintiff
27
28  ---
    [1] 34.3 hours x $450 = $15,435.

further notes that Mr. Thurston actually billed at only $200 an hour, less than half of the requested hourly fee. *See id.* In support, Plaintiff attaches several "courtesy copies" of invoices that she received from Rankin, Shuey, Ranucci, Mintz, Lampasona & Reynolds for work incurred litigating this case. *See* Dkt. No. 64-2, Ex. A; Dkt. No. 65-4, Ex. C. In short, Plaintiff suggests that the Court should not award fees above the hourly rate Mr. Thurston actually billed in this case.

Yet courts have routinely rejected this idea. As the California Court of Appeal has explained:

> There is no requirement that the reasonable market rate mirror the *actual* rate billed . . . "The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel."

*Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 701 (Cal. Ct. App. 2014) (quoting *Chacon v. Litke*, 181 Cal. App. 4th 1234, 1260 (Cal. Ct. App. 2010)) (emphasis in original); *see also Pasternack v. McCullough*, 65 Cal. App. 5th 1050, 1057–58 (Cal. Ct. App. 2021) (rejecting argument that lodestar must be calculated based on rate insurer actually paid). The determination of reasonable fees is generally within the trial court's sound discretion. *See Syers Properties III*, 226 Cal. App. 4th at 702–03.

Having reviewed the record in detail, the Court finds that the hours incurred by counsel are reasonable. The motion for attorneys' fees only seeks recovery for those hours spent preparing the anti-SLAPP motion and related motion for attorneys' fees. The Court further finds that counsel appeared to work efficiently, spending only 34.3 hours researching and drafting two substantive motions. However, the Court disagrees that $450 is a reasonable rate given the circumstances of this case. Defendant does not appear to dispute that he actually billed only $200 an hour in this case. *See* Dkt. No. 66 at 2. And although, as explained above, the reasonable market rate does not have to match counsel's actual billed rate, Defendant still bears the burden of supporting his requested rate. But aside from counsel's own *ipse dixit*, Defendant does not provide any evidence

3

1  to support his assertion that $450 an hour is a reasonable rate for the work performed in this case.
2  Defendant cites but then disregards the *Laffey* Matrix.  And in any event, the matrix itself offers no
3  adjustments for the context or complexity of the case.  This case presented a straightforward
4  application of the anti-SLAPP statute.  As the Court explained in its prior order, the complaint
5  itself alleged that Defendant's misconduct occurred as part of his legal work representing
6  Plaintiff's ex-husband in a family court case.  *See* Dkt. No. 60.  Defendant has not proffered any
7  support for his contention that a reasonable consumer of legal services would pay $450 an hour for
8  such a routine motion, and the Court does not find this credible.  Based on the nature of this case
9  and the arguments presented, the Court finds that a reasonable rate for the work incurred is $200
10 an hour.  In its discretion, the Court therefore **GRANTS IN PART** and **DENIES IN PART** the
11 motion for attorneys' fees, awarding fees for Defendant in the amount of $6,860.[2]

**IT IS SO ORDERED.**

Dated:   5/24/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] 34.3 hours x $200 = $6,860.

4